## TO ESTABLISH A LIEN FOR OVERDUE ALIMONY.

Common Pleas Court of Hamilton County.

JULIA BREEN v. HARRY BREEN AND GEORGE H. KATTENHORN, EXECUTOR OF THE LAST WILL AND TESTAMENT OF HENRY BREEN, DECEASED.

Decided, March 7, 1913.

*Proceedings in Aid of Execution—Action to Declare an Equitable Lien— On the Interest in a Decedent's Estate Held by a Debtor for Alimony—Order to Pay Alimony in Effect a Judgment—Appearance for Purpose of a Motion is an Appearance for All Purposes, When— Section 11760.*

1. Past due installments of alimony are in legal effect a judgment on which an execution may be issued.
2. In an action to establish an equitable lien for such unpaid installments, a defendant who appears for the purpose only of moving to set aside the service made upon him by publication, on the ground that the court has no jurisdiction over the subject-matter of the action, enters a voluntary appearance and is in court for all purposes.

CUSHING, J.

In this action the plaintiff, Julia Breen, seeks to recover from the defendant, Harry Breen, unpaid installments of alimony awarded to her by this court in October, 1907.

In cause No. 137817 on the docket of this court Julia Breen was given a divorce for the aggressions of her husband, Harry

Breen. The last paragraph of the decree for divorce reads as follows:

"It is further ordered that said plaintiff have and possess for the support of herself and her minor child the sum of three ($3.00) dollars per week until the further order of this court, and the costs of this action."

The case at bar is an action in the nature of a creditor's bill under Section 11760, General Code, to secure an equitable lien on the interest of Harry Breen in the estate of his father, Henry Breen, which estate is now in the probate court of this county to be administered and distributed under the terms of the will of Henry Breen, deceased.

As I understand the case, there is but one question presented by the demurrer to the petition, which is, as to whether or not past due weekly installments of alimony have in law the legal effect of a judgment on which an execution may be issued.

Counsel for the demurrer claims that all installments of alimony are subject to the order of the court at any time, that they may be increased or diminished by the court, and therefore are not a final order or disposition of the matters in controversy between the parties.

This contention is true as far as it goes. The conclusion reached by counsel therefore is, that as the court may modify or change its order and can enforce the same by proceedings in contempt, it follows that an execution will not issue on one or more installments of such unpaid alimony.

I am unable to see the logic of counsel's petition. To what conclusion would it lead?

For the purpose of argument, assume that A was given a divorce from B and awarded alimony in the sum of $100 per month; B was the owner in possession of many valuable lots of land in Hamilton county; that immediately on the determination of the divorce action he left the United States, making his home in Europe. Would the court be powerless to enforce its order solely because B was beyond the jurisdiction of the court? There would, in such a case, be a judicial determination that on

the last day of each month there was due to A from B the sum
of $100 and unless that judicial debt were satisfied I can see no
reason why A would not be entitled to have it collected in any
way provided by law for the enforcement of such obligations.
It is true the enforcement of the obligation might be avoided by
the action of the court in modifying or setting aside its former
action, but neither in the supposed case nor in the case at bar has
there been any application to the court to set aside or modify
the decree of October 30, 1907, and it follows that the order of
the court is a judgment until modified or vacated. Nor is the
situation changed because the court, in addition to having the
power of execution, has the additional power of enforcing its
order by attachment for contempt. I do not here pass on the
question as to the effect of such an order in case of the death of
the person in whose favor the order is made, particularly if that
person died not being in debt. That question is not presented
by the pleadings. *Piatt* v. *Piatt*, 9 Ohio, 37; *Embshoff* v. *Embs-
hoff*, 12 C.C. (N.S.), 236; *Barbour* v. *Barbour*, 12 Howard (U.
S.), 582, at 585. The demurrer therefore will be overruled.

There is one other question that must be determined in this
case under the present state of the pleadings. At the time of
the filing of the petition, plaintiff filed an affidavit and proceeded,
according to law, to procure service on the defendant by publica-
tion. The defendant, Harry Breen, filed his motion to set aside
that service of summons. A copy of his motion is as follows:

"Now comes the defendant, Harry Breen, for the purpose of
this motion only and for no other purpose, and moves the
court to set aside service of summons heretofore sought to be
made upon him by publication for the reason that the cause of
action set forth in the petition is not one of the causes for
which service of summons by publication is authorized by law
and further that no judgment had been secured by the plaintiff
on which to base the action set forth in the petition. General
Code, Sections 11292 and 11760."

Paragraph 7 of Section 11292 is the one counsel for the
plaintiff relies on to secure service by publication. It reads as
follows:

"In an action in which it is sought by a provisional remedy to take or to appropriate in any way property of the defendant, when the defendant is not a resident of this state or is a foreign corporation or his place of residence can not be ascertained."

If my view of this case correctly states the law, it will not be necessary to pass on the question of whether or not a proceeding to subject property to an equitable lien comes within the provisions of the statute above quoted.

In this state it is settled that motions will lie to quash a defective or improper service of process, and to dismiss the action for want of jurisdiction either over the person of the defendant, or the subject-matter of the action. If the defendant enters his appearance for the purpose of objecting solely to the jurisdiction of the court over his person, such motion is not a voluntary appearance, but, if the motion involves a consideration of the merits of the case as made in the petition, the rule is otherwise. The second ground of the motion is "that no judgment had been secured by the plaintiff upon which to base the action set forth in the petition." The petition is filed under Section 11760 of the General Code. That section provides:

"When a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment," etc.

It is conceded by counsel in their briefs that if an execution may be levied on the judgment of the court in case No. 137817, then the action comes within the provisions of Section 11760, General Code.

In disposing of the demurrer filed by the other defendant, this court held that the action is one on which execution may issue. Had a demurrer not been filed the court in passing on this motion would, of necessity be called upon to consider the sufficiency of the petition. As to this defendant the motion amounts to a request to dismiss the petition.

Judge McIlvaine, in passing on a similar question, uses this language:

"The voluntary appearance of the defendant for the purpose of submitting to the court the sufficiency of the petition in

its statement of the cause of action, which was done by the motion to dismiss for want of jurisdiction, on the ground stated in the motion, would have constituted a waiver of the summons, as well as the service thereof.  The voluntary appearance of the defendant is equivalent to service of summons."  *Handy* v. *Insurance Co.*, 37 O. S., 366, at 369.

"The appearance of the defendant in court for the sole purpose of objecting, by motion, to the jurisdiction of the court over his person, is not an appearance in the. action, but where such motion also asks to have the cause dismissed on the ground that the court has no jurisdiction over the subject-matter of the action; which motion is not well founded, it is a voluntary appearance which is equivalent to service of summons."  *Elliott* v. *Lawhead*, 43 O. S., 171.

The conclusion is that the only ground a defendant may state in his motion is, to object to the jurisdiction of the court over the person of the defendant.  The defendant, Breen, has entered his appearance in this action.  The motion will be overruled.